# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

KHA NGOC LE,                :

                              :

           Plaintiff,          :

                              :

           v.                   :       CIVIL ACTION NO.

                              :       1:06-CV-1205-JOF

ALBERTO GONZALES, et al.,    :

                              :

          Defendants.      :

## OPINION AND ORDER

This matter is before the court on Petitioner's motion for reconsideration [7-1]; Petitioner's motion for reconsideration [8-1]; Petitioner's motion to appeal in forma pauperis [10-1]; and Petitioner's motion to appeal in forma pauperis [12-1].

Petitioner, Kha Ngoc Le, pled guilty in the DeKalb County Superior Court to robbery and voluntary manslaughter charges and was sentenced to fourteen years in prison with his maximum release date set for August 24, 2013 and tentative parole date of December 2012. Petitioner filed the instant complaint, which the court has construed as a mandamus action pursuant to 28 U.S.C. § 1361, seeking that the court order an immediate deportation proceeding. Petitioner contends that an INS director ordered him to appear before an immigration judge on December 4, 2000, but despite making several requests for an expedited

hearing, he has yet to receive a removal hearing before an immigration judge.   In an order dated June 20, 2006, the court dismissed Petitioner's action on a frivolity screening.

In his motion for reconsideration, Petitioner contends he is entitled to relief because immigration officials have a pattern of waiting until after a defendant's term of imprisonment is concluded before initiating final deportation proceedings.   As a result, Petitioner avers, a defendant is required to remain in prison longer than the time period to which he was sentenced.   The court understands Petitioner's argument, however, as the court indicated in its order, 8 U.S.C. §§ 1228(a)(1) and 1229(d)(2) explicitly provide that there is no private right of action to compel completion of removal proceedings.   Furthermore, with Petitioner's tentative parole date and maximum release date not until December 2012, the court determined that Petitioner had not shown that it would be impossible to complete his removal proceedings before that time.   *See also Hernandez-Avalos v. I.N.S.*, 50 F.3d 842 (10th Cir. 1995) (applying predecessors statute and finding that prisoner subject to deportation could not satisfy "zone of interest" test and therefore lacked standing to file suit to compel completion of deportation proceedings).

The court also notes that in his affidavit, Petitioner contends that he has been caught in a "cycle" because the habeas courts reviewing his guilty plea require that his deportation be final before they will consider his petitions, and INS (and its successors) refuse to process Petitioner's deportation.   The court has reviewed Petitioner's habeas proceedings in *Le v. Lanier*, Civil Action No. 04-CV-2078-JOF.   The court cannot ascertain where any habeas

2

proceeding has required that Petitioner's deportation be final.   Rather, Petitioner's habeas proceedings at both the state and federal level have concerned whether Petitioner's guilty plea was knowing and voluntary.   Petitioner contends that he did not know when he pled guilty to the robbery charges that he would be eligible to be deported.   As the court reviewed in its order in Civil Action No. 04-CV-2078, Petitioner could not establish that his counsel had definitively informed him he would not be deported.   Further, Petitioner had not contended that he would not have pled guilty had he known he would be deported.   *See* Civil Action No. 04-CV-2078, Order, dated September 27, 2005.   Therefore, the court cannot understand the source of Petitioner's contention that he must have a final deportation proceeding before he can pursue habeas corpus relief.   For the foregoing reasons, the court DENIES Petitioner's motion for reconsideration [7-1] and DENIES Petitioner's motion for reconsideration [8-1].

Petitioner also files a motion to proceed on appeal *in forma pauperis*.   Typically, before a litigant may proceed with his appeal *in forma pauperis*, this court must determine whether the appeal is taken in good faith.   Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a).   An appeal is not taken in good faith when the litigant seeks review of issues which are frivolous.   *Ellis v. United States*, 356 U.S. 674 (1958); *Parsell v. United States*, 218 F.2d 232, 236 (5th Cir. 1955).[1]   *See also Coppedge v. United States*, 369 U.S. 438, 445 (1962) (frivolity is

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions that the former Fifth Circuit rendered prior to October 1, 1981.

judged from objective standard).   An appeal is frivolous when the issues are without arguable merit and therefore futile.   *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (citations omitted).   For the reasons explained in the court's order dismissing Petitioner's mandamus section 2255 motion, as well as the ruling on the motion for reconsideration above, the court finds that the issues Petitioner would raise on appeal are without arguable merit.   Accordingly, the court DENIES Petitioner's motion to appeal in forma pauperis [10-1]; and DENIES Petitioner's motion to appeal in forma pauperis [12-1].

**IT IS SO ORDERED** this 13th day of October 2006.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

4